THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: June 11, 2013



Pamela Pepper
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

IN RE:   DEBTRA W. STANISLAWSKI,   Case No. 12-36752-pp

Debtor.   Chapter 7

---

**ORDER DENYING MOTION TO CONFIRM TERMINATION OR ABSENCE OF STAY**

---

The debtor filed her Chapter 7 petition on November 26, 2012. On that same date, she filed the Chapter 7 Individual Debtor's Statement of Intention, stating that she intended to redeem the debt on a 2008 Ford F250 truck.

On June 7, 2013, the creditor holding the security interest in that truck filed a motion, asking the Court to issue a "comfort order" under 11 U.S.C. §362(j), confirming that there no longer was a stay in place because the debtor had not performed her intention within forty-five days as required by the statute. (Section 362(h)(1)(B) of the Code provides that if the debtor does not timely perform the intention, the stay terminates. Section 521(a)(6)(B) requires the "timely" performance to take place within forty-five days of the date first set

1

for the meeting of creditors. The date first set for the meeting of creditors in this case was December 27, 2012, and the creditor asserts that the debtor had not redeemed the car 167 days later.)

Section 362(j), however, does not authorize the Court to issue a comfort order under these circumstances. Section 362(j) mandates the issuance of a comfort order only in cases where the stay expired due to serial filings, as required by §362(c). This is not one of those circumstances. Further, the Court has no evidence before it, other than the creditor's assertion in its motion, that the debtor has not performed the statement of intention. There is no affidavit attached to the motion (other than the affidavit of mailing), no other evidence indicating that the debtor has not redeemed the car. The Court can, of course, review its own docket and see that the debtor did not file a motion to redeem, but that is not evidence that she did not do so. And regardless, §362(j) does not authorize the relief the creditor seeks.

**WHEREFORE**, the Court hereby **DENIES** the Ex Parte Motion to Confirm Termination or Absence of Stay filed by Ford Motor Credit Company LLC.

# # # # #